IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| PATRICIA VILLARREAL,<br>         **Plaintiff,** | § <br> § <br> § | |
| **v.** | § <br> § | **No. EP-17-CV-00288-ATB** |
| COMMISSIONER OF SOCIAL<br>SECURITY ADMINISTRATION,[1]<br>         **Defendant.** | § <br> § <br> § <br> § | |

## MEMORANDUM OPINION & ORDER

This is a civil action seeking judicial review of an administrative decision. Jurisdiction is predicated upon 42 U.S.C. § 405(g). Both parties having consented to trial on the merits before a United States Magistrate Judge, the case was transferred to this Court for trial and entry of judgment pursuant to 28 U.S.C. § 636(c) and Rule CV-72 and Appendix C to the Local Court Rules for the Western District of Texas.

Plaintiff appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her applications for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). For the reasons set forth below, the Court orders that the Commissioner's decision be **AFFIRMED**.

## I.     PROCEDURAL HISTORY

On October 23, 2014, and December 23, 2014, respectively, Plaintiff filed applications for SSI and DIB, alleging a disability onset date of July 1, 2014. (R. 168-177). Her applications were denied initially and upon reconsideration. (R. 94-109). Plaintiff then filed a request for a hearing, which was held on June 22, 2016. (R. 25-51, 110). The Administrative Law Judge

---

[1]     On March 6, 2018, the Government Accountability Office determined that Nancy Berryhill's continued service as Acting Commissioner of Social Security violated the Federal Vacancies Reform Act of 1998. *See* Government Accountability Office, Violation of the Time Limit Imposed by the Federal Vacancies Reform Act of 1988 (2016), https://www.gao.gov/products/D18772. Accordingly, this position is now vacant.

("ALJ") issued a decision on August 10, 2016, denying benefits.  (R. 10-19).  Subsequently, the Appeals Council denied review.  (R. 1-3).  Therefore, the ALJ's decision stands as the final decision of the Commissioner.

## II.    ISSUE

Plaintiff presents the following issue for review: whether "[t]he ALJ erred in finding that none of Plaintiff's impairments meet or equal a listed impairment." (ECF. No. 16, p. 2).  Specifically, Plaintiff contends that the ALJ erred by failing to: (1) explain why Plaintiff's impairments do not meet or equal Listing 1.02; and (2) find that Plaintiff's impairments meet or equal Listing 1.02.  (*Id*. at 3-7).

## III.    DISCUSSION

### A.    Standard of Review

This Court's review is limited to a determination of whether the Commissioner's decision is supported by substantial evidence, and whether the Commissioner applied the proper legal standards in evaluating the evidence.  *See* 42 U.S.C. § 405(g); *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002) (citations omitted); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995) (citation omitted).  "Substantial evidence 'is more than a mere scintilla, and less than a preponderance.'"  *Masterson*, 309 F.3d at 272 (citation omitted).  The Commissioner's findings will be upheld if supported by substantial evidence.  *Id.* (citation omitted).  A finding of no substantial evidence will be made only where there is a conspicuous absence of credible choices or no contrary medical evidence.  *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988) (per curiam) (internal quotation marks and citation omitted).

In applying the substantial evidence standard, the court may not reweigh the evidence, try the issues *de novo*, or substitute its own judgment for the Commissioner's, even if it believes the

evidence weighs against the Commissioner's decision. *Masterson*, 309 F.3d at 272 (citation omitted). Conflicts in the evidence are for the Commissioner and not the courts to resolve. *Id.* (citation omitted); *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993) (citation omitted).

**B.      Evaluation Process**

The ALJ evaluates disability claims according to a sequential five-step process: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe medically determinable physical or mental impairment; (3) whether the claimant's impairment(s) meet or equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) whether the impairment prevents the claimant from performing past relevant work; and (5) whether the impairment prevents the claimant from doing any other work. 20 C.F.R. § 404.1520. Once the claimant satisfies her burden under the first four steps, the burden shifts to the Commissioner at step five to show that there is other gainful employment available in the national economy that the claimant is capable of performing. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). This burden may be satisfied either by reference to the Medical Vocational Guidelines of the regulations, by VE testimony, or by other similar evidence. *Fraga v. Bowen*, 810 F.2d 1296, 1304 (5th Cir. 1987). Once the Commissioner makes the requisite showing at step five, the burden shifts back to the Plaintiff to rebut the finding that there are jobs that exist in significant numbers that the Plaintiff could perform. *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005).

In the present case, the ALJ found that Plaintiff suffered from the severe impairments of: morbid obesity, status post right total knee arthroplasty, lumbar disc disease, and a history of right shoulder degenerative joint disease. (R. 12-13). Next, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or equaled the listed

impairments. (R. 13-14). Relevant here, the ALJ noted that Plaintiff had not met Listing 1.02 because:

> the [Plaintiff] had not established that she met the requisite conditions. Specifically, the [Plaintiff] neither established that she was unable to ambulate effectively, nor established that she was unable to perform fine and gross movements effectively.

(R. 13). After considering the entire record, the ALJ determined that Plaintiff retained the Residual Functional Capacity ("RFC")[2] to perform a limited range of sedentary work.[3] (R. 14-18). The ALJ then determined that Plaintiff was able to perform her past relevant work. (R. 18). Accordingly, the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act through the decision date. (R. 18-19).

## C.    Analysis

At step three, the ALJ considers the severity of a plaintiff's impairments. 20 C.F.R. § 404.1520(a)(4)(iii). If the impairments meet or equal those listed in Appendix 1, the ALJ will find a plaintiff disabled. *Id.*; *see Calderwood v. Colvin*, 2016 U.S. Dist. LEXIS 35129, at *18 (E.D. Tex. 2016). As step three creates this presumption of disability, satisfying a listing's criteria is a "demanding and stringent" task, which places the burden on the plaintiff. *Falco v. Shalala*, 27 F.3d 160, 162 (5th Cir. 1994); *Selders v. Sullivan*, 914 F.2d 614, 619 (5th Cir. 1990). This burden may only be satisfied through medical evidence, not subjective complaints. *McCuller v. Barnhart*, 72 F. App'x 155, 158 (5th Cir. 2003); *see also Forest v. Astrue*, 2012 U.S. Dist. LEXIS 107225, at *25-26 (E.D. La. 2012) (collecting cases). If a plaintiff meets only some of the criteria, no matter how severely, she does not satisfy a given listing. *Sullivan v. Zebley*,

---

[2]    Residual Functional Capacity ("RFC") is the most an individual can still do despite his or her limitations. 20 C.F.R. §404.1545; SSR 96-8p.

[3]    Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. 20 C.F.R. § 404.1567(a).

493 U.S. 521, 530 (1990).

Relevant here, Listing 1.02 provides:

**1.02 Major dysfunction of a joint(s) (due to any cause)**: Characterized by gross anatomical deformity (e.g., subluxation, contracture, bony or fibrous ankylosis, instability) and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint(s), and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint(s). With:

A.      Involvement of one major peripheral weight-bearing joint (i.e., hip, knee, or ankle), resulting in inability to ambulate effectively, as defined in 1.00B2b

. . . .

b.      What We Mean by Inability to Ambulate Effectively

   (1)      Definition. Inability to ambulate effectively means an extreme limitation of the ability to walk; i.e., an impairment(s) that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities. Ineffective ambulation is defined generally as having *insufficient lower extremity functioning* (see 1.00J) *to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities*. (Listing 1.05C is an exception to this general definition because the individual has the use of only one upper extremity due to amputation of a hand.)

   (2)      To ambulate effectively, individuals must be capable of sustaining a reasonable walking pace over a sufficient distance to be able to carry out activities of daily living. They must have the ability to travel without companion assistance to and from a place of employment or school. Therefore, examples of ineffective ambulation include, but are not limited to, the inability to walk without the use of a walker, two crutches or two canes, the inability to walk a block at a reasonable pace on rough or uneven surfaces, the inability to use standard public transportation, the inability to carry out routine ambulatory activities, such as shopping and banking, and the inability to climb a few steps at a reasonable pace with the use of a single hand rail. The ability to walk independently about one's home without the use of assistive devices does not, in and of itself, constitute effective ambulation.

20 C.F.R. § 404, App'x 1, 1.00(b), 1.02 (emphasis added). Therefore, to satisfy this listing, a

plaintiff must establish: (1) bilateral cane or walker use, as opposed to single hand cane use; and

(2) that the ambulation restriction lasted, or can be expected to last, twelve months. *Thompson v.*

*Comm'r, SSA*, 2017 U.S. Dist. LEXIS 158902, at *4 (E.D. Tex. 2017) (bilateral cane or walker

use required); *Aguilar v. Astrue*, 2014 U.S. Dist. LEXIS 154272, at *18 (S.D. Tex. 2014) (same);

*Chavez v. Berryhill*, 2017 U.S. Dist. LEXIS 190688, at *4 (D.N.M. 2017) (twelve month

duration requirement for Listing 1.02); *Zimmer v. Colvin*, 2016 U.S. Dist. LEXIS 8499, at *40

(E.D. Tex. 2016) (same).

### a.    The ALJ's Explanation

The Court rejects Plaintiff's argument that the ALJ failed to explain why Plaintiff's

impairments did not meet or equal Listing 1.02.[4]  First, the ALJ specifically noted that Plaintiff

failed to establish her inability to effectively ambulate or perform fine and gross movements.  (R.

13).  Accordingly, Plaintiff mischaracterizes the ALJ's holding.

Further, Plaintiff's reliance on *Audler v. Astrue* is misplaced.  There, the Fifth Circuit

found that the ALJ's failure to identify the applicable listing, or provide any explanation thereof,

constitutes reversible error because a reviewing court cannot determine whether substantial

evidence existed.  *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007).  Here, however, the ALJ

identified the applicable listing and explained why Plaintiff failed to meet it.  (R. 13).  Moreover,

the Fifth Circuit subsequently clarified that an ALJ need not articulate, in detail, her reasons for

finding that a plaintiff failed to meet a listing.  *Bullock v. Astrue*, 277 F. App'x 325, 327-28 (5th

Cir. 2007) (Rejecting a nearly identical argument regarding Listing 1.02); *see also Forest*, 2012

---

[4]    In arguing the ALJ failed to follow the step three requirements, Plaintiff also references Social Security
Ruling ("SSR") 17-2p.  (ECF. No. 16, p. 5).  This ruling, however, only became effective on March 27, 2017.  *See*
SSR 17-2p.  Without any indication of retroactivity, the Court declines to give SSR 17-2p retroactive applicability.
*Howarth v. Berryhill*, 2017 U.S. Dist. LEXIS 209973, at *20-21 n.5 (D. Conn. 2017) ("[SSR 17-2p], effective
March 27, 2017, was not in effect at the time of the ALJ's Decision in 2015 and thus does not affect our review, but
it does govern the ALJ's obligations on remand."); *see also Contreras-Zambrano v. SSA*, 2018 U.S. App. LEXIS
2531, at *6-7 (11th Cir. 2018) (Explaining the presumption against SSR retroactivity where they provide an
effective date).  Accordingly, SSR 17-2p does not govern this appeal.

U.S. Dist. LEXIS 107225, at *29 (E.D. La. 2012) ("Like Bullock, [Plaintiff] cites no binding authority, and my research has located none, that requires the ALJ to articulate with greater specificity her reasons for rejecting his argument (made at the hearing) that he meets Listing 1.02(A)."). Rather, citing to a lack of evidentiary support for a given listing is sufficient. *See Furlo v. Comm'r of Soc. Sec.*, 2015 U.S. Dist. LEXIS 174567, at *34 (E.D. Mich. 2015) (collecting cases); *Forest*, 2012 U.S. Dist. LEXIS 107225, at *29. Indeed, one struggles to imagine what other finding an ALJ could make when the record lacks evidence in this manner. Accordingly, the Court finds that the ALJ committed no legal error.

Nonetheless, an error at step three requires reversal only where a plaintiff meets, or appears to meet, a listing. *Audler*, 501 F.3d at 448; *see also Sulik v. Astrue*, 2013 U.S. Dist. LEXIS 135537, at *11 n.4 (M.D. La. 2013). As noted below, Plaintiff fails to establish that she satisfies the requirements of Listing 1.02, and therefore, any error is harmless.

**b.    The Requirements of Listing 1.02**

The Court finds the evidence insufficient to establish that Plaintiff meets Listing 1.02. First, Plaintiff cites nearly the entire record to establish the severity of her ambulatory impairment. (ECF. No. 16, p. 6-7). Plaintiff, however, fails to argue how she satisfies each element of Listing 1.02, and therefore, this argument is waived. *Krull v. Comm'r of Soc. Sec.*, 2016 U.S. Dist. LEXIS 184718, at *30 (E.D. Mich. 2016) ("This failure to specifically detail, in a point-by-point fashion, how she meets Listing 1.02(B) waives that argument."); *see generally*, *Perez v. Barnhart*, 415 F.3d 457, 462 n.4 (5th Cir. 2005). Second, the majority of the record cited by Plaintiff consists of her subjective complaints, which cannot be considered in determining whether she meets a listing. *See McCuller*, 72 F. App'x at 158.

More critically, Plaintiff fails to satisfy the elements of Listing 1.02. Regarding

ambulation assistance, Plaintiff admits that she only uses a cane; not crutches, a walker, or a wheelchair. (R. 37, 239). As noted above, the use of a single cane does not qualify an individual for Listing 1.02. *Thompson*, 2017 U.S. Dist. LEXIS 158902, at \*4 ("the Listing requires bilateral canes or a walker."); *Aguilar*, 2014 U.S. Dist. LEXIS 154272, at \*18 ("Plaintiff's testimony and medical evidence that he required the use of a single cane to walk would not qualify him for disability."). Moreover, no evidence exists to establish that any such ambulation limitation is expected to last twelve months. Accordingly, the Court finds the evidence insufficient to establish that Plaintiff meets Listing 1.02.

As such, the Court finds that the ALJ's opinion is free from legal error, and that any error is necessarily harmless as Plaintiff fails to meet Listing 1.02.

## IV. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that the Commissioner's decision denying benefits is **AFFIRMED**.

**SIGNED** and **ENTERED** this 16th day of April, 2018.

**ANNE T. BERTON**
**UNITED STATES MAGISTRATE JUDGE**